N. L. Rood and Sons, Appellees, v. Staver Carriage Co., Appellant.

Sales: COMPENSATION FOR SERVICES: EVIDENCE. In an action by local dealers to recover a commission for the sale of a buggy negotiated by the traveling salesman of the defendant company, the evidence is reviewed and held insufficient to establish plaintiff's demand.

*Appeal from Hamilton District Court.*— Hon. J. H. Richard, Judge.

· THURSDAY, JULY 12, 1906.

REHEARING DENIED, THURSDAY, FEBRUARY 14, 1907.

THE opinion states the case.— *Reversed.*

*Wesley Martin,* for appellant.

*Boeye & Henderson,* for appellee.

WEAVER, J.— The plaintiffs are retail dealers in car-riages at Webster City, Iowa, and the defendant company is a manufacturer and wholesale dealer in similar goods at Chicago, Ill.   A customer of the plaintiffs, one B. W. Sells, applied to purchase a Staver buggy, but plaintiffs could not supply it.   About this time a traveling salesman of the defendant, one Maxwell, being in Webster City, called at the store of the plaintiffs, who mentioned to him the desire of Mr. Sells to purchase a buggy.   During the conversation Sells came in, and negotiations between him and Maxwell ensued resulting in Sells giving to Maxwell a written order directed to the defendant for a buggy at the agreed price of $100.   Two days later, Maxwell being again in the city, plaintiffs gave him a written order for a buggy; the intent apparently being to have the buggy ordered by Sells sent to plaintiffs under this second order and thereby enable plain-tiffs to obtain a commission or margin of profit in the trans-action of about $15.   At this time there was no dealer handling the defendant's goods in Webster City, and, though pressed by Maxwell, plaintiffs refused to make any purchase or order at that time except for the one with which to fill the order of Sells.   Neither of the orders given Max-well were sent by him to the defendant.   This omission is doubtless explained by the fact that later, during this same visit at Webster City, Maxwell succeeded in inducing an-other dealer, one Hellen, to purchase a considerable number

of buggies, and through this dealer a sale to Sells was finally consummated.    Thereupon the plaintiffs began this action against the defendant before a justice of the peace, alleging that the sale to Sells was made through their agency, and demanding a recovery of the commission.    The defendant answered in denial, and also set up a counterclaim for damages in the sum of $50, on the ground that the plaintiff had prior thereto, maliciously and without cause, brought another action before a justice of the peace at Webster City on the same alleged cause of action, thereby compelling the defendant to appear and make defense when plaintiffs voluntarily dismissed said action, by reason of all which defendant had been put to much trouble and loss.    There was a judgment for plaintiffs as demanded, and an appeal taken by defendant to the district court.    In the latter court defendant amended its counterclaim, increasing its demand for damages to $150. Plaintiffs moved to strike the amendment on several grounds, also moved to dismiss the appeal on the ground that the amount in controversy was less than $25, thus giving the district court no jurisdiction of the appeal, and that the counterclaim was manifestly frivolous and set up not to present a bona fide claim for adjudication but to avoid the effect of the statute limiting appeals.    These motions were both overruled, and as plaintiffs have not appealed it is not within our province to review said rulings.    The objection made to the jurisdiction of this court cannot therefore be entertained.

Concerning the merits of the controversy, we are united in the opinion that plaintiffs failed to make a case for recovery upon their claim.    In the first place, Mr. Sells' order had already been obtained by Maxwell under circumstances imposing neither upon him nor upon the defendant any legal obligation to pay or allow a commission therefor to the plaintiff.    It may well be that there is a courtesy which obtains among business men which should have prompted Maxwell or the defendant to give to the plaintiffs some mar-

gin, or so-called " commission," upon a sale made by the former in the shop of the latter; but it is not claimed that any such promise was made at the time, or that any legal obligation by the defendant to plaintiffs arose from the mere fact that the sale was made in their place of business. If plaintiffs have any rights in the transaction, they must be based principally and primarily upon the transaction which took place upon Maxwell's return to Webster City. As the order then given to Maxwell and the one given by Sells never left the possession of that salesman, and were never submitted to the defendant for its acceptance or rejection, it is clear that no contract of sale was effected, unless it be further shown that Maxwell had the authority to bind the defendant by such unreported and unapproved transactions. There is nothing in the testimony to justify such a finding. Plaintiffs knew that Maxwell was a mere agent or salesman.. The orders were given to him as such. Both orders expressly and in so many words provide that they are given subject to the company's acceptance. Neither order was ever accepted, and the sale to Sells was fully consummated upon a third order or purchase made from or through the agency of Hellen without any knowledge by defendant of the prior orders, except such knowledge, if any, as may be imputed to it because of Maxwell's agency. Even if defendant had all three orders before it, each calling for a buggy with which to complete the sale to Sells, and each being made subject to its approval and acceptance, we can now conceive of no good reason why it might not approve either one and reject the others without incurring any liability upon the orders rejected. There is no evidence that Maxwell had authority to sell or take orders for buggies upon any other terms than was described by the printed form of the order, and the very fact that the limitation upon his authority is clearly disclosed by the language there used, and that plaintiffs concede that they saw this clause of the order before signing it, leaves no room for the suggestion that the

apparent scope of the agent's authority included power to sell without regard to such limitation: True, there are exceptional circumstances under which by waiver or estoppel the principal will not be allowed to insist upon the written limitation of authority. See *Ruthven v. Insurance Co.,* 102 Iowa, 550, and cases there cited; but we find nothing in the record to bring this case within the exception there recognized.

Counsel for appellees insist that, in any event, defendant has accepted the benefit of their services and should be held to pay for them. But what services did plaintiffs perform? There is no pretense that they were acting as agents of the defendant when they introduced Sells to Maxwell, nor that they aided in any manner in the negotiations between Maxwell and Sells which terminated in the order given by the latter. The extent of the later agreement between them and Maxwell was that the buggy for Sells should be sent to and delivered through them to enable them to get a commission upon a sale already made by Maxwell. This order by its terms was made subject to appellant's acceptance. It was never accepted, and the proposed contract never became of binding force or effect.

For the reasons stated the judgment of the district court is *reversed.*